(C. D. 238)

LANCIA MOTOR CAR CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 23, 1939)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Joseph R. Jackson*, Assistant Attorney General (*John J. McDermott* and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been illegally assessed upon merchandise imported from Italy. Said merchandise

consists of an automobile. The collector of customs at the port of Los Angeles assessed duty thereon at the rate of 35 per centum ad valorem plus 65 Italian lira per 100 kilos under paragraph 369 of the Tariff Act of 1922. Plaintiff claims that it is properly dutiable at the rate of 25 per centum ad valorem under the same paragraph by virtue of the most-favored-nation clause contained in the commercial treaty between the Kingdom of Italy and the United States, proclaimed on February 26, 1871, and in effect at the time of entry of this automobile. The importer states the issue in the following language in his brief:

Plaintiff contends (1) that the aforementioned treaty should be construed as unconditional in form similar to the construction placed upon the German treaty in the case of *International Commerce Co.* v. *The United States*, T. D. 47493, or (2) if the treaty is deemed to be conditional only and not unconditional in form, such as for example the German treaty, then it is contended that by virtue of the negotiation of the German treaty in 1925 and such other treaties thereafter which contain an unconditional form of the most-favored-nation clause, the protest herein must be sustained.

This cause was submitted to this court February 22, 1936, for decision, which was withheld pending the outcome of the case of *John T. Bill Co., Inc., Victor Distributing Co.* v. *United States*, C. A. D. 57. In that case the court of appeals considered the question there raised that the most-favored-nation clause of the German treaty was superseded by the countervailing duty provision in paragraph 369, *supra*, of the Tariff Act of 1922. In so doing the court used this language:

There remains to be considered the contention made by counsel for the Government that the most-favored-nation clause of the treaty with Germany was superseded by the Tariff Act of 1930, specifically (as to the merchandise here involved) by paragraph 371, *supra*, of the act. As has been indicated, the insistence is that our decision here should be controlled by our decision in the *Minerva Automobiles, Inc.,* case, *supra*.

We do not agree with this view. The cases are clearly distinguishable. In that case it was held that the conditional most-favored-nation clause of the Belgian Treaty of 1875 had been superseded, as to the merchandise there involved, by paragraph 369 of the Tariff Act of 1922. So far as we are able to ascertain, there was no provision of law such as paragraph 369 in effect at the time of the ratification of the Belgian Treaty, hence that treaty did not have the effect of repealing or superseding any prior act of Congress.

So, in the case now before us, there was no provision of law such as paragraph 369, the countervailing duty provision, in effect at the time of the ratification of the Italian Treaty in 1871, since this provision was first enacted in the Tariff Act of 1897.

Following the above quotation the court points out the reason why the Tariff Act of 1930 did not repeal the unconditional favors granted by said treaty, so to speak. The language above quoted approves the decision in the case of *Minerva Automobiles, Inc.,* v. *United States*, 25 C. C. P. A. 324, T. D. 49424.

Inasmuch as this court has held in *Cellas* v. *United States*, T. D. 47915, that the treaty with Italy provided for conditional most-favored-nation treatment, we are bound by the ruling in the case of *Minerva Automobiles, supra*, where the court said:

The trial court took the view that since Belgium had a conditional most-favored-nation treaty, it was not entitled to claim the same tariff treatment for automobiles as was extended to Germany which had an unconditional most-favored-nation treaty, and cited a number of decisions as bearing on this phase of the case. None of these decisions involved the question presented here, since the tariff treatment extended Germany or extended to any nation having a treaty relationship comparable to that of Germany was not involved therein. * * *

It therefore follows that since the Italian treaty is in the conditional form it does not in any way affect the provisions of paragraph 369 of the Tariff Act of 1922. Plaintiff's claim is therefore overruled.

Judgment will be rendered accordingly. It is so ordered.